IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                        )<br>          Plaintiff,                           )<br>                                                        )<br>vs.                                                 )<br>                                                        )<br>SEVERETT ORVAL CHEEK,           )<br>                                                        )<br>          Defendant.                       )  | Case No. 00-CR-157-TCK<br>           (05-CV-584-TCK-FHM) |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 249) filed by Defendant Severett Orval Cheek, a federal inmate appearing *pro se*. For the reasons discussed below, the Court finds Defendant's § 2255 motion is barred by the statute of limitations. For that reason, the motion shall be dismissed with prejudice.

*BACKGROUND*

Defendant was convicted on his plea of guilty of Maintaining a Location for the Purpose of Manufacturing or Distributing a Controlled Substance & Possession of Equipment, Chemicals, and Material Used to Manufacture a Controlled Substance (Count 1). On February 7, 2002, Defendant was sentenced to 190 months imprisonment. See Dkt. # 207. Judgment (Dkt. # 208) was entered February 20, 2002. Defendant did not perfect a direct appeal. Defendant filed the instant § 2255 motion (Dkt. # 249) on October 11, 2005.

*ANALYSIS*

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Upon review of Defendant's § 2255 motion, the Court finds that under § 2255(1), this action is barred by the statute of limitations. Defendant's conviction became final on March 4, 2002, when he failed to file a notice of appeal within ten (10) days after of the entry of the Judgment. See Fed. R. App. P. 4(b)(1)(A)(i); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"). Pursuant to § 2255(1), Defendant's § 2255 motion had to be filed on or before March 4, 2003, to be timely. Defendant did not file his § 2255 motion until October 11, 2005, or more than two (2) years after expiration of the limitations period. As a result, unless Defendant is entitled to statutory or equitable tolling, his motion is time-barred. Defendant argues, however, that his motion is timely under § 2255(3) (providing that the one-year period may begin to run from "the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and

2

made retroactively applicable to cases on collateral review"). Defendant specifically cites to the Supreme Court's decisions entered in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), in requesting relief under § 2255. He argues that his one-year limitations period began to run when the Supreme Court entered those decisions, and relies on Dodd v. United States, 545 U.S. 353 (2005), in support of his proposition that his § 2255 motion is timely.

The Court disagrees with Defendant's argument. In Dodd, the Supreme Court held that the one-year limitation period under ¶ 6(3) of 28 U.S.C. § 2255 begins to run on the date on which the Supreme Court "initially recognized" the right asserted in an applicant's motion. Dodd, 545 U.S. at 358-59. However, a federal prisoner may take advantage of that date only if the asserted right has also been made retroactively applicable to cases on collateral review. Id. Defendant's argument fails because his conviction became final on March 4, 2002, before issuance of either Blakely, on June 24, 2004, or Booker, on January 12, 2005. Furthermore, the Supreme Court's holdings in Blakely and Booker have not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 543 U.S. at 268. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). In addition, the Tenth Circuit Court of Appeals has refused to apply Blakely retroactively to cases on collateral review. United States v. Price, 400 F.3d 844, 849 (10th

3

Cir. 2005) (holding that <u>Blakely</u> does not apply retroactively to convictions that were already final at the time <u>Blakely</u> issued).  Therefore, neither <u>Blakely</u> nor <u>Booker</u> serve as bases for restarting Defendant's statute of limitations. The Court concludes that Defendant's § 2255 motion is untimely and shall be dismiss with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 249) is **dismissed with prejudice** as time-barred.

DATED THIS 26th day of March, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE